SIOUX NAT. BANK OF SIOUX CITY v. CUDAHY PACKING CO.

(Circuit Court, N. D. Iowa, W. D. October 16, 1893.)

1. EQUITY JURISDICTION—REMEDY AT LAW.

A packing company making daily purchases of stock gave to the sellers tickets for the amounts due, payable at the office of a trust company. By arrangement between the trust and packing company, the former paid these tickets on presentation, and received from the latter a draft for the amount, payable at Chicago or Omaha banks. The trust company, becoming insolvent, was unable to pay the tickets issued on a certain day, and thereupon made an arrangement with a bank to advance the necessary money, indorsing to it the corresponding draft of the packing company. The packing company refused to pay this draft, on the ground that, at the time the same was drawn, it had on deposit with the trust company a sum in excess of the amount of the draft, which it claimed should be set off against the draft. *Held*, that a bill by the bank against the packing company setting up these facts should be dismissed, because complainant had an adequate remedy at law.

2. SAME—SUBROGATION.

There was no ground for the application of the doctrine of subrogation, on the theory that the bank was entitled to succeed to the rights of the ticket holders who had been paid with its money, as the bank held, in the draft itself, all the security upon which it advanced the money.

In Equity. Suit by the Sioux National Bank of Sioux City against the Cudahy Packing Company. On demurrer to the bill, on the ground that it fails to show a case for equitable relief. Demurrer sustained.

Joy, Call & Joy, for complainant.
Lewis & Holmes, for defendant.

SHIRAS, District Judge. As averred in the bill, the facts in this case are as follows: The Cudahy Packing Company is engaged in the pork-packing business at Chicago, Omaha, and Sioux City, and in conducting this business at the latter place, in the spring of 1893, it made daily purchases of hogs, giving to the persons selling the same tickets for the amounts due, which were payable at the office of the Union Loan & Trust Company in Sioux City. The arrangement between this company and the packing company was to the effect that the former would pay the tickets upon presentation, and the packing company would deliver to it an instrument, termed a "voucher," whereby the packing company declared itself to be "a debtor to the Union Loan & Trust Co. for the purchase of live stock this day, as follows: * * * When approved and dated and signed, this voucher becomes a draft of the Cudahy

Packing Co., of South Omaha, Neb., payable through the Union Stock Yards National Bank of South Omaha, or the Bankers' National Bank of Chicago, for ————." It is further averred in the bill that on the 24th day of April, 1893, the Cudahy Packing Company executed a voucher in the usual form, whereby it acknowledged itself to be a debtor to the Union Loan & Trust Company in the sum of $13,509.52, and the same was duly approved, dated, and signed by the proper officers of the packing company, and thereby became a draft for the said sum of $13,509.52, drawn upon the Cudahy Packing Company, and as such was delivered to the Union Loan & Trust Company; that the latter was in fact in an insolvent condition, and had not in hand the money necessary to pay the tickets drawn on it by the packing company, and delivered to the persons from whom that company had made purchases of live stock; that thereupon the Union Loan & Trust Company applied to the Sioux National Bank to advance the money necessary to pay the tickets, and to that end the trust company delivered to said bank the draft above described, and thereupon the bank accepted the draft, and gave the trust company credit for the amount thereof, and agreed to pay and did pay the checks of the trust company given in payment of the ticket presented to it, and issued by the packing company for the live stock bought by it. It is further averred that the packing company was promptly notified of the action thus taken, but that, upon presentation of the draft to it, it refused to accept or pay the same, assigning as a reason that, at the time the draft was executed, it had on deposit with said Union Loan & Trust Company a sum in excess of the amount of the draft, which it claims is a set-off to the draft delivered to the complainant.

It is averred in the bill that, under the circumstances set forth, the defendant company is equitably estopped from claiming the set-off against the draft, and the prayer is that the defendant be decreed to pay the amount of said draft, with interest and costs. To this bill a demurrer is interposed, upon the ground that the remedy at law is complete and adequate, and that the facts averred fail to show cause for equitable relief. According to the averments of the bill, the agreement under which the bank advanced the sum needed for the payment of the ticket drawn upon the trust company was a contract between the trust company and the bank with which the packing company had no connection. The bank agreed with the trust company that it would give credit to the trust company, and pay its checks for the given amount, and in consideration thereof the trust company delivered to the bank the voucher or draft executed by the packing company. From the averments of the bill it does not appear that the trust company attempted to create, or that it had the authority to create, any relation of debtor and creditor between the bank and the packing company, other or different from that growing out of the execution and delivery of the vouchers or draft. It is that instrument, read in the light of the attending circumstances, which determines the relation between the complainant and defendant. It is, in substance, averred in the bill, that this instrument is an inland bill of ex-

change or commercial draft, and that the holder thereof is entitled to all the rights of a purchaser for value of negotiable paper. To secure and enforce these rights, if they in fact exist, does not require the aid of a court of equity.

The question whether the defendant can set off against this draft in the hands of the bank the deposit held by it in the trust company is a question which can be fully determined in a law action. There is nothing, therefore, in the averments in the bill which shows a necessity for invoking the aid of a court of equity in order to solve the questions at issue between the parties, or to secure adequate relief to the complainant. In argument it is claimed by counsel for complainant that the bank is entitled to be subrogated to the rights of the holders of the tickets which were taken up by the money passed to the credit of the trust company under the arrangement already stated.

No foundation is laid in the bill for relief of this character, nor do the facts alleged constitute a case for the application of the doctrine of subrogation. These tickets gave the holders thereof the right to demand payment thereof from the trust company, as the agent of the packing company. When presented to the trust company, they were paid by checks drawn by the trust company upon a deposit made to the credit of the trust company in the Sioux National Bank. To secure this credit, the trust company had indorsed to the bank the draft furnished by the packing company. The bank holds all the security upon which it agreed to advance the money to the trust company. It did not buy the tickets from the holders thereof, nor did it rely thereon in making the advance to the trust company. No grounds exist for holding that the bank has succeeded to the rights of the ticket holders, and, even if such ground did exist, the holders of the tickets have no existing rights against the packing company. The acceptance by them of the tickets in question gave them the right to demand of the trust company payment of the sum for which the tickets called, and the trust company has discharged the obligation resting upon it by paying the tickets upon presentation. All the obligations created by the execution and delivery of the tickets have been thus fully performed. It is true that, to provide the means to pay these tickets, the trust company secured a loan from the Sioux Bank, but that fact did not have the effect of making the bank the equitable owner of the tickets. It might be true that the bank could be subrogated to the rights of the trust company as against the packing company, but that is what the bank is desirous of avoiding. But, however this may be, it is clear that the complainant is seeking to enforce the rights belonging to it as owner of the vouchers or draft delivered to it by the trust company, and to do so does not require the aid of a court of equity.

The remedy at law being adequate, it follows that the demurrer must be and is sustained.